No. 20,432.

F. A. JEWELL, *Appellee*, v. W. T. GANN, *Appellant*.

SYLLABUS BY THE COURT.

HAY—*Harvested on Shares—Cotenants—Each Owned One-half the Hay
—Replevin.* The plaintiff contracted with the owner of land on which
alfalfa was growing to put up. the hay for half. When the contract
was performed, title vested in the plaintiff, and he owned half of each
stack of hay, as a tenant in common with the landowner. The plain-
tiff's cotenant could not pass title to more than his share of the hay,
and the plaintiff could replevin his share from a person claiming it by
purchase from the plaintiff's cotenant.

Appeal from Finney district court; GEORGE J. DOWNER,
judge. Opinion filed March 10, 1917. Affirmed.

*R. W. Hoskinson,* and *Albert Hoskinson,* both of Garden
City, for the appellant.

*Edgar Foster,* of Dodge City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to replevin half of four
stacks of hay. The plaintiff recovered and the defendant
appeals.

The hay grew on land owned by Van Hook. Van Hook en-
tered into an arrangement with the plaintiff whereby the
plaintiff was to put up the hay for half. The plaintiff put up
the hay, which made four stacks. Afterwards Van Hook
made a sale to Warner, the subjects of which were thus de-
scribed in a written memorandum:

"Party of the. first part hereby sells to second party. all the alfalfa
and feed of every kind also all use of pasture until May 1st, 1914, feed
and pasture being 640 acres described as follows."

The four stacks in controversy stood, with others, on the
land described, but Van Hook told Warner that half of the
four stacks belonged to the plaintiff. The memorandum of
sale was assigned to the defendant, who took possession of all
the hay, and refused the plaintiff's demand for his share. The
defendant asked instructions to the effect that if the hay was
to be divided in the stack, the title remained in Van Hook, the

owner of the land; that Van Hook could sell it all; and that if he sold it all, the plaintiff could not recover. The defendant complains because the requested instructions were not given, and complains of the admission of Van Hook's testimony that he told Warner the plaintiff owned half of the four stacks of hay.

The testimony referred to was inconsequential, the instructions asked were properly refused, and the court might well have directed a verdict on the undisputed facts. The plaintiff had nothing to do with growing the hay, was not a "cropper," as that term is used in some states, and ownership of the land on which the stacks stood was not important. The contract was to put up the hay for half. When the contract was performed, title vested, and the plaintiff owned half of each stack. He and Van Hook were tenants in common of each stack. The property being readily divisible into portions of equal quantity, weight, and value, either owner could take his own share, and thus make voluntary partition. Van Hook could not, however, pass title to more than his own share, and whether Warner was notified of the plaintiff's interest or not, he obtained no more hay than Van Hook owned, and the defendant obtained no more hay than Van Hook owned. There is no claim that the plaintiff assented to the sale to Warner or to the defendant, and he could follow his share of the hay and replevin it or recover its value. Cases sustaining the foregoing principles may be found in footnotes to the article on "Tenancy in Common," 38 Cyc. 7, 14, 108, 111. See, also, Freeman on Cotenancy and Partition, 2d ed., § 252, and the concluding part of § 289; and Childs Personal Property, § 132.

The judgment of the district court is affirmed.